## Case No. 12,998.
### SMITH v. ADDISON et al.
[5 Cranch, C. C. 623.] [1]
Circuit Court, District of Columbia. Nov. Term, 1839.

SURETY—DISCHARGE—CHANGE IN TERMS OF CONTRACT—EXTENSION OF TIME.

John Addison having been appointed by the Washington National Monument Society, collector of subscriptions, in the state of Kentucky, gave bond to the plaintiff, treasurer of that society, with the defendant and others, his sureties for the faithful execution of the trust. and to account, &c. "for which services," says the condition of the bond, "he will be entitled to a commission of 10 per cent." &c. The society, afterwards. without the consent of his sureties, agreed to allow him an additional commission of five per cent., provided the amount collected should be equal to, or exceed ten cents on each white inhabitant of the state: *Held*, that such agreement for an increased commission did not discharge the sureties in the bond; that the bond covered the collection of the second year as well as the first although, by the condition, he was to make his final return, and close his collections in one year from the date, unless the society should extend the time; and that he had no right, under the contract, to set off his expenses.

[Cited in Fond du Lac Harrow Co. v. Bowles, 54 Wis. 430, 11 N. W. 797.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Debt upon a bond for $5,000, given to the plaintiff [Samuel H. Smith], as treasurer of the Washington National Monument Society, by John Addison, and the defendant James L. Addison and others, his sureties, with condition that the said John Addison, who had been appointed by that society, collector of contributions in and for the state of Kentucky, should use his best endeavors to collect from all the white inhabitants of that state, such contributions as they should be willing to make for the erection of a great national monument to the memory of Washington, at the seat of the federal government, &c. &c., and should account, &c., and make his final return, and close his collections in one year from the date of the bond unless the society should extend the time; and in all things well and faithfully execute the trusts reposed in him, &c., "for which services he will be entitled to a commission of ten per cent. upon all moneys which he shall have transmitted, deposited, or paid over to the treasurer of the said society."

The defendant's second plea was, in substance, that after giving the bond, it was resolved by the society, and agreed to by the plaintiff that the collector should be allowed 15 per cent. on the amount deposited by him to the credit of the treasurer of the society within twelve months from the date of the bond, provided the sum so collected should be equal to, or exceed ten cents on each white inhabitant of the state. That the said John Addison, the collector, agreed to the same, but that the defendant had no notice thereof and did not consent thereto; and that this agreement is different from the condition of the bond, by which he was to receive a commission of ten per cent. To this plea there was a general demurrer, and joinder.

Wm. M. Addison, for defendant, contended, that the sureties were exonerated by this new agreement without their consent. Although it was intended for the benefit of the collector, yet it was injurious to the sureties, because the additional commissions induced the collector to continue in office, whereby he received more money than he would otherwise have received, and increased the responsibility of the sureties. The general rule is, that any material alteration of the contract exonerates the sureties although beneficial to them. Miller v. Stewart, 9 Wheat. [22 U. S.] 703; Id. [Case No. 9,-591]; Rees v. Berrington, 2 Ves. Jr. 542; Walsh v. Bailie, 10 Johns. 181, 182; Ludlow v. Simond, 2 Caines, Cas. 49, 50; U. S. v. Nichol, 12 Wheat. [25 U. S.] 510; Rathbone v. Warren, 10 Johns. 586; Co. Litt. 232; Eppes v. Randolph, 2 Call, 125. The new agreement was upon good consideration, the continuance of the collector in office.

Mr. Addison, having given notice of the set-off, contended that the defendant had a right to charge the society with his travelling expenses, &c. The commission is only for

his personal services. Expenses of agency are always to be charged to the principal unless there be some agreement to the contrary. Green v. Winter, 1 Johns. Ch. 37, 38; Fearns v. Young, 10 Ves. 184; Bonithon v. Hockmore, 1 Vern. 316; Dean v. Angus [Case No. 3,702].

Mr. R. J. Brent, same side, contended, that the sureties were not liable for the collections of the second year. There is no allegation that the society extended the time. The new contract turns the whole into a parol contract. No action can be maintained upon the bond, even against the principal. Lattimore v. Harsen, 14 Johns. 330; Brown v. Goodman, 3 Term R. 592, note b; Heard v. Wadham, 1 East, 630; Ousterhout v. Day, 9 Johns. 115.

Mr. Smith and Mr. Bradley, contra, contended that the additional five per cent. allowed by the society was a mere gratuity, not a contract, nor a variation of the contract, and was without consideration. U. S. v. Nichol, 12 Wheat. [25 U. S.] 510; Lemore v. Powell, Id. 554; U. S. v. Tillotson [Case No. 16,524]. The defendant has no right to charge his personal expenses to the society. The commission of 15 per cent. was to cover all his expenses. Besides, there is no privity between the surety and the principal which will authorize the surety to set off a debt due to his principal.

THE COURT (nem. con.) was of opinion that the subsequent allowance of the additional five per cent. did not avoid the bond or exonerate the sureties; that the bond covers the collections made in the second year, as well as the first; and that the defendant cannot set off his expenses.

The demurrer was withdrawn by consent, and upon the issue joined the plaintiff recovered a verdict; upon which judgment was rendered for the penalty, to be discharged by the payment of $150.83, with interest from the 1st of February, 1837, and costs.